N4

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL OAKS, *et al.*, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No.: 1-15-cv-11318 |
| Plaintiffs, | ) ) | Judge Ronald A. Guzman |
| vs. | ) ) | Magistrate Judge Michael T. Mason |
| SEARS, ROEBUCK AND CO., | ) ) | |
| Defendant. | ) ) | |

## FINAL SETTLEMENT ORDER AND JUDGMENT

1.      This Judgment incorporates by reference the definitions in the Amended Class Action Settlement Agreement ("Agreement") and all capitalized terms used herein shall have the same meanings as set forth in the Agreement unless set forth differently herein. The terms of the Agreement are fully incorporated in this Judgment as if set forth fully herein.

2.      The Court has jurisdiction over the subject matter of this action and all Parties to the Action, including all Settlement Class Members ("Class Members") who have not timely excluded themselves from the Class.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court confirms the certification, for settlement purposes, of the following Class:

> All persons who purchased or received as a gift in new condition, not for resale, a Grill (as defined in the Agreement).[1]

---

[1] "Grill" or "Grills" means Kenmore grill(s) with a galvanized steel firebox, manufactured during the period from October 1, 2011 to September 30, 2014, identified by model numbers 01566, 03495, 16142, 16154, 23673, 23676, 23681, 23682, 23683, 23766, 34172, 34176, 34178, 34308, and 34611.

Excluded from the class are (i) all individuals who received a firebox repair performed by Sears at no cost to said individual (including any unreimbursed service charges); (ii) Sears and its officers, directors, and employees; (iii) any person who files a valid and timely request for exclusion from the Settlement Class; and (iv) the Judges to whom the Lawsuit is assigned and any members of their immediate families.

4.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Judgment.

5.     For settlement purposes only, the Court finds:

(a)     Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs Michael Oaks, Terry Barnett, Frank Opulente and Mark Oaks are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Action.  Accordingly, the Court hereby appoints Plaintiffs as Class Representatives;

(b)     The Class meets all of the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the Class claims alleged in the First Amended Class Action Complaint filed by Plaintiffs, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority; and

(c)     Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel, Shepherd, Finkelman, Miller & Shah, LLP; Stephan Zouras, LLP; Cuneo Gilbert & Laduca, LLP and Pogust Braslow & Millrood, LLC, have fairly

and adequately represented the Class for purposes of entering into and implementing the Settlement. Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

6.    Persons or entities who filed timely exclusion requests are not bound by this Judgment or the terms of the Agreement and may pursue their own individual remedies against Defendant. However, such excluded parties are not entitled to any rights or benefits provided to Class Members by the terms of the Agreement. The list of persons and entities excluded from the Class because they filed timely and valid requests for exclusion is attached hereto as Exhibit "A."

7.    The Court directed that Notice be given to Class Members by publication and other means pursuant to the notice program proposed by the Parties in the Agreement and approved by the Court. The Declaration of Louise M. Roberts dated March 15, 2017, attesting to the dissemination of the Notice to the Class, demonstrates compliance with this Court's Preliminary Approval Order. The Class Notice advised Class Members of the terms of the Settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the Settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

8.    The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

9.    Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons, that the Settlement

proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Agreement are the product of arm's-length negotiations conducted in good faith and with the assistance of an experienced mediator, the Honorable Morton Denlow (retired). Approval of the Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

10.     Upon the Effective Date, the named Plaintiffs and each Class Member (other than those listed on Exhibit "A") shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have, released all Released Claims as defined in the Agreement.

11.     All Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Agreement.

12.     The Court finds that there have been no objections to the Settlement and that the March 13, 2017 objection deadline has passed.

13.     Plaintiffs in the Action initiated this lawsuit, acted to protect the Class, and assisted their counsel. Their efforts have produced the Agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class. Plaintiffs are each entitled to a service award of $2,500. Class Counsel is awarded $457,286.35 for reasonable attorneys' fees, which sum includes reimbursement of reasonable and necessary expenses.

14.     The awarded attorneys' fees and costs, and Class Representative incentive awards are to be paid and distributed in accordance with the Settlement.

15.     The Court authorizes Class Counsel to allocate the fee award.

16.     The Settlement Administrator shall fully implement all remaining terms of the Agreement including, but not limited to, the timely payment of all valid claims submitted to the Settlement Administrator by Settlement Class Members.

17.     The Court hereby dismisses with prejudice the operative complaint in this Action [ECF 28], and the Released Parties are hereby released from all further liability for the Released Claims.

18.     The Court enjoins all Class Members from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on claims made in this Litigation; (iii) pursuing any Released Claims; and (iv) attempting to effect Opt-Outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on the Released Claims.

19.     Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

20.     The Court finds that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), and the clerk is hereby directed to enter this Judgment forthwith.

21.     The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Agreement, including, without limitation, the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Agreement.

IT IS SO ORDERED.

DATED: 4/12/2017

THE HONORABLE RONALD A. GUZMAN
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A – PERSONS REQUESTING EXCLUSION

| |
|---|
| Carolyn Albertson |
| Melissa Belt |
| Letitia Brush |
| William R. Coleman |
| Donna Flees |
| Charles F. Garrett |
| Gilbert Hom |
| Chuck E. Jarrell |
| Edward Kovacs |
| Daniel M. Makarwich |